Case 1:16-cr-00250-TWP-MJD   Document 363   Filed 07/29/24   Page 1 of 5 PageID #: 1640

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America )
v. )
) Case No: 1:16-CR-00250-TWP-MJD-005
DANIEL BUTCHER )
) USM No: 15963-028
Date of Original Judgment: 03/04/2019 )
Date of Previous Amended Judgment: )  James A. Edgar (former)
*(Use Date of Last Amended Judgment if Any)*   *Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   03/04/2019   shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 7/29/2024

*Judge's signature*

Effective Date: _____   Honorable Tanya Walton Pratt, U.S. District Court Chief Judge
*(if different from order date)*   *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cr-00250-TWP-MJD |
| ) | |
| DANIEL BUTCHER, ) -05 | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

This matter is before the Court on Defendant Daniel Butcher's ("Mr. Butcher") Motion to Reduce Sentence filed pursuant to 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines (Dkt. 353).[1] Mr. Butcher was convicted of Conspiracy to Possess with Intent to Distribute 500 Grams or More of Methamphetamine and received a sentence of 150 months' imprisonment (Dkt. 253 at 2). He seeks a reduction of his sentence pursuant to Part A and Part B to Amendment 821. Plaintiff United States of America (the "Government") has filed a Response in Opposition, in which it asserts that Mr. Butcher is ineligible for reduction because, although Part A applies to him, his sentence is already lower than the amended guideline range minimum, and because Part B does not apply to him (Dkt. 360).

The Court has the authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered after his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817,

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Butcher (Dkt. 354). Counsel was later granted leave to withdraw (Dkt. 357). Mr. Butcher was afforded an opportunity to supplement his petition following the withdrawal, but he did not do so (Dkt. 358).

826 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id*. at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id*. at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id*. at 827.

As to the step one analysis under *Dillon*, the Court agrees with the Government that Mr. Butcher is ineligible for a sentence reduction under Part A or Part B to Amendment 821. Mr. Butcher's prior convictions resulted in a subtotal criminal history score of 2, and because he committed the instant offense while on supervised release, 2 status points were added. His total criminal history score of 4 established a Criminal History Category of III (PSR ¶ 39). Based on an offense level of 33 and Criminal History Category of III, Mr. Butcher's original guideline range was 168 to 210 months (PSR ¶¶ 15–24, 40, 70). The Court granted a downward variance and imposed a sentence of 150 months.

In Part A, the Sentencing Commission made certain amendments to U.S.S.G § 4A1.1, which provides the circumstances in which "status points" are added to a defendant's criminal history category calculation. After these amendments, defendants with fewer than 7 criminal history points receive no "status points." Mr. Butcher's total criminal history points therefore change from 4 to 2, placing him in Criminal History Category II. Based on an offense level of 33 and an amended Criminal History Category of II, Mr. Butcher's amended guideline range is 151 to 188 months. However, because Mr. Butcher's sentence of 150 months is already below the amended guideline range minimum, he cannot have his sentence reduced further. Pursuant to

2

U.S.S.G § 1B1.10(b)(2)(A), after an amendment to the sentencing guidelines, the Court generally may not "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." The Court may reduce a defendant's sentence to a term below the amended guideline range only if the defendant provided "substantial assistance" to authorities. § 1B1.10(b)(2)(B). Mr. Butcher did not provide substantial assistance, so this exception is inapplicable. Because Mr. Butcher's sentence is already lower than the amended guideline range minimum, he is not eligible for resentencing. *See* § 1B1.10(b)(2)(A).

In Part B, the Sentencing Commission added a two-offense level reduction for certain offenders with zero criminal history points under the new U.S.S.G. § 4C1.1. But as the Government notes, Mr. Butcher did receive criminal history points (PSR ¶¶ 27–38), so Part B is inapplicable.

Because Mr. Butcher is not eligible for resentencing under either Part A or Part B of Amendment 821, the Court will not proceed to step two under *Dillon*. That said, the Court has recently been advised that a reduction in criminal history points may impact Mr. Butcher's classification. Accordingly, the Court **directs the Clerk** to forward a copy of this entry to the Warden at the FCI Sandstone.

For the reasons explained above, Mr. Butcher's Motion to Reduce Sentence (Dkt. 353) is **DENIED, but his criminal history points are reduced to 2**.

**SO ORDERED**.

Date: 7/29/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

DANIEL LEE BUTCHER
Reg. No. 15963-028
FCI SANDSTONE
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
SANDSTONE, MN   55072

Warden
FCI SANDSTONE
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 999
SANDSTONE, MN   55072